THE STATE v. WALTER GREGORY, Appellant.—127 S. W. (2d) 408.

Division Two, April 20, 1939.

526

*R. F. Baynes* for appellant.

*Roy McKittrick,* Attorney General, and *Arthur O'Keefe,* Assistant Attorney General, for respondent.

WESTHUES, C.—Appellant was charged with robbery, by means of a dangerous weapon, in the Circuit Court of New Madrid County, Missouri. He applied for and was granted a change of venue and the case was tried in Pemiscot County, where he was convicted and sentenced to imprisonment in the penitentiary for a term of fifteen years. From this judgment he appealed.

This is a second appeal. See State v. Gregory, 96 S. W. (2d) 47, 339 Mo. 133, where a full and detailed statement of the facts will be found. We will restate only such matters as are necessary for a disposition of the questions preserved for review on this appeal. The evidence showed in substance the following: Fred Thompson owned a filling station and store in New Madrid County. On September 7, 1933, at about 9:30 P. M., three men riding in a Ford stopped at the station and asked for gas. While Thompson was filling the tank the men grabbed him and took a pistol from his pocket. While this scuffle was in progress Mrs. Thompson came to the rescue with a single-barrel shotgun which one of the men took from her. Thompson then ran to the house for another gun. While he was doing so one of the men shot at him a number of times and one bullet struck his left ear. The three men then fled, taking Thompson's pistol and a flashlight with them. These men were later identified as James L. Flowers, William Schaeffer and appellant. The question of the sufficiency of the evidence to sustain appellant's conviction was considered at length on the former appeal. It was there held that the evidence justified the verdict of guilty. We adhere to that ruling.

Appellant in his motion for a new trial complained in a number of assignments of the ruling of the trial court in refusing to sustain defendant's objections to the admission of evidence. The following is a sample of the assignments made:

" 'The Court erred in refusing to sustain defendant's objections to the testimony of the witness Fred Thompson for the reason given at the time of said objections and again asserted herein, which are as follows:' "

This assignment is followed by five pages of extracts from the evidence of the witness on direct as well as cross-examination. We have, on several occasions, ruled that such assignments do not preserve any question for our review. In the five pages of testimony we find a number of rulings by the trial court. In some cases the objections made were sustained while other objections were overruled. In one instance the jury was instructed to disregard the answer made by the witness. It would be almost impossible for a court to determine what

was in the mind of the attorney when he made this assignment. The assignment comes clearly within the ruling made in the following cases which held them to be insufficient. [See State v. Lonon, 331 Mo. 591, 56 S. W. (2d) 378, l. c. 381 (8); State v. Majors, 329 Mo. 148, 44 S. W. (2d) 163, l. c. 166 (5); State v. McCracken, 341 Mo. 697, 108 S. W. (2d) 372, l. c. 374 (3).]

■■■ Appellant assigned error to the ruling of the trial court in permitting the State to introduce in evidence the transcripts of the testimony given by two witnesses, Dave Gayman and Roy Hamilton, who testified in the preliminary hearing of appellant. The particular point briefed here is that the exhibits were not sufficiently identified as being transcripts of the evidence given by the witnesses. The facts leading up to this ruling were as follows: Hamilton and Gayman testified against appellant at the preliminary hearing and were cross-examined by appellant's attorney in the presence of the appellant. Hamilton and Gayman were executed pursuant to a death sentence imposed upon them for murder. [See State v. Hamilton, 337 Mo. 460, 85 S. W. (2d) 35.] The stenographer who took the evidence at the preliminary hearing and transcribed the same was, at the time of the trial in the circuit court, living in South America. S. P. Hunter, the justice of the peace before whom the preliminary was had, was a witness for the State. He testified that Dave Gayman and Roy Hamilton were dead. The exhibits, purporting to be transcripts of the evidence given by these witnesses at the preliminary hearing, were examined by this witness. He testified that he personally took the exhibits to the jail where the witnesses were confined and read their evidence to them; that each signed the transcript of his evidence in his presence; that he, the justice, signed the transcripts as a witness. The prosecuting attorney then took the witness stand and testified:

"Q. I will ask you to state whether or not you are familiar with the case of State of Missouri against Walter Gregory and James Flowers? A. Yes, sir.

"Q. Were you present at the preliminary examination held before S. P. Hunter, Justice of the Peace of New Madrid, on the 14th of February, 1934? A. Hand me the front page will you? Yes, I represented the State and questioned the witnesses on behalf of the State.

"Q. Who represented the defendants, Walter Gregory and James Flowers? A. Mr. R. F. Baynes of New Madrid and Bradley of Kennett.

"Q. Were Walter Gregory and James Flowers both present at that examination? A. They were. . . .

"Q. You say you heard Dave Gayman testify at the preliminary examination? A. Yes I heard him testify.

"Q. I hand you State's Exhibit N-2 and I will ask you whether or not that is the testimony of Dave Gayman as given at the pre-

liminary examination? A. Yes, sir. I have read it and it is the questions and answers directed at him at the preliminary hearing with the exception of the cross which is shown on one of the pages identified by witness S. P. Hunter.''

This witness gave similar evidence concerning a transcript of the evidence of Roy Hamilton. This was a sufficient identificaton. It was shown that the attorney trying this case was present at the preliminary hearing and cross-examined the witnesses; that the stenographer who took the testimony and transcribed the same was, at the time, an employee of the attorney for appellant. Appellant did not contend at the trial that the transcripts were not true and correct. He relied solely on the point that the State could not identify the exhibits because the stenographer was absent. It is well settled that transcripts of this character may be admitted in evidence. [For cases so holding see State v. Pierson, 337 Mo. 475, 85 S. W. (2d) 48, 1. c. 53 (5); Kelley v. State, 202 S. W. 49, 133 Ark. 261.] In Wilkins v. State, 68 Ark. 441, 60 S. W. 30, the court held that the evidence of a witness, taken down in writing by a clerk, read to and subscribed by the witness, is admissible where the magistrate identifies the writing and testifies that it correctly states the testimony as given at the examination. For cases dealing with every phase of this question see the annotations in the case of Smith v. State, 147 Ga. 689, 95 S. E. 281, 15 A. L. R. 490, annotations at pages 495 to 564.

Appellant also urges that the trial court erred in permitting two pistols to be introduced in evidence, for the reason that they had not been properly identified. One of the pistols was identified by witnesses as the gun taken from Thompson on the night of the robbery. In a robbery case it is always proper to introduce in evidence the property taken during the commission of the crime. The other pistol in evidence was identified by witness Hamilton, whose evidence, given at the preliminary hearing, was read to the jury. Hamilton's evidence disclosed that this pistol was given to him by appellant. Therefore the objection, that the pistol was not identified, is without merit. We have examined the information, the verdict and other matters of record proper and do not find any error therein. No other points were preserved for our review.

The judgment is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.