[No. 29374.   *En Banc.*   March 8, 1945.]

THE STATE OF WASHINGTON, *Appellant,* v. ANTHONY
ORTEGO, *Respondent.*[1]

[1]Reported in 157 P. (2d) 320.

*Lloyd Shorett* and *Leo J. Peden,* for appellant.

STEINERT, J.—The legal question here involved is whether, in a criminal case, the testimony given at a former trial by a witness, or witnesses, who cannot be produced at a subsequent trial, may, over the objection of the accused defendant, be proved by parol at the later trial. The facts giving rise to this question are as follows:

Upon a trial before the Honorable Guy B. Knott, justice of the peace in and for Seattle precinct, in King county, Washington, the defendant, Anthony Ortego, was found guilty of the crime of assault in the third degree and was sentenced to pay a fine of fifty dollars and costs. Defendant thereupon gave notice of appeal to the superior court and posted a statutory appeal bond.

Shortly before the trial in the superior court, subpoenas were duly issued to be served upon a number of witnesses, including Leonard Cain, who was the prosecuting witness, also Iva Mae Cain and Glenn Perry, all of whom had testified in the preceding trial before the justice of the peace.

The deputy sheriff to whom the subpoenas were delivered for service made a return thereof that after due inquiry and diligent search he was unable to find any of these three witnesses.

Upon the trial in the superior court, the deputy sheriff, called as the first witness for the state, testified in detail, on both direct examination and cross-examination, concerning the efforts he had made to locate the three witnesses above named and reiterated his inability to find them.

The state thereupon called as a witness Honorable Guy B. Knott, the justice of the peace before whom the defendant previously had been tried and convicted of the offense here involved, and for whom a subpoena had likewise been theretofore issued.

Judge Knott testified that in the justice court trial, Leonard Cain, one of the persons referred to above, was called as a witness and, upon being sworn, gave his testimony in the presence of the defendant. Judge Knott was then asked by the state's counsel to relate to the jury the testimony which Leonard Cain had given on that occasion. Defendant's counsel objected, on the ground that Judge Knott's testimony would be hearsay evidence, and the trial court sustained the objection.

The state's counsel thereupon offered to prove by Judge Knott that, in the trial before him, Leonard Cain and Glenn Perry, two of the witnesses mentioned above, were sworn and testified in the presence of the defendant and his counsel; that no reporter was present at that time to take notes of the proceedings, but that Judge Knott himself presently had with him, in his own handwriting, though not word for word, the substance of the testimony given by those two witnesses. The offer further recited that Judge Knott had a present recollection of the testimony adduced at the previous trial in his court and would be able to state the substance of what Cain and Perry had testified to at that hearing.

The state's attorney further offered to prove by Mr. John Neergard, who likewise had been subpoenaed as a witness,

that he was present at the former trial and that Cain and Perry had there testified, in reference to the offense here involved, that defendant had struck Cain, the complaining witness, knocking him down and then kicking him in the face, all without provocation.

Defendant's counsel objected to the offer of proof, on the ground that the proffered testimony was pure hearsay and violated defendant's constitutional rights. The trial court sustained the objection. The state then announced that it had no other witnesses, particularly with reference to the actual commission of the assault, and would therefore rest its case. The defendant thereupon moved that the case be dismissed. At the conclusion of the argument on defendant's motion for dismissal, the trial court made a specific finding that the three witnesses above mentioned were not present at the trial in the superior court because, after diligent search for them, they could not be found. The court then granted defendant's motion, discharged the jury, and later entered a formal order of dismissal. The state appealed from the order. The defendant has made no appearance upon the appeal.

The exact question here involved has never been decided by this court, although in a number of cases, further reference to which will be made later, the court has expressed its view upon situations analogous to the one with which we are here concerned.

The Federal constitution, in amendment 6, provides that in all criminal prosecutions an accused person shall enjoy the right to be confronted with the witnesses against him. The Washington constitution, in Art. I, § 22 and amendment 10 thereof, provides that in such prosecutions the accused shall have the right to meet the witnesses against him, face to face.

With respect to the provision contained in the Federal constitution, it is apparently now generally accepted that this mandatory requirement is not applicable to proceedings in state courts. *People v. Wilson,* 26 Cal. App. 336, 146 Pac. 1048; *People v. Schwartz,* 78 Cal. App. 561, 248

Pac. 990; *State v. Gaetano,* 96 Conn. 306, 114 Atl. 82, 15 A. L. R. 458; *Blackwell v. State,* 79 Fla. 709, 86 So. 224, 15 A. L. R. 465; *Burns v. State,* 191 Ga. 60, 11 S. E. (2d) 350; *State v. Brassfield,* 40 Idaho 203, 232 Pac. 1; *People v. Pen-hollow,* 42 Hun (49 N. Y.) 103; *People v. Williams,* 35 Hun (42 N. Y.) 516; *People v. Fish,* 125 N. Y. 136, 26 N. E. 319; *Mendenhall v. United States,* 6 Okla. Crim. 436, 119 Pac. 594; *West v. Louisiana,* 194 U. S. 258, 48 L. Ed. 965, 24 S. Ct. 650, affirming *State v. Kline,* 109 La. 603, 33 So. 618.

Moreover, wholly aside from this accepted doctrine as just expressed, the United States courts have definitely held that the reproduction of testimony of witnesses given at a previous trial, in the presence of the accused, with the privilege of cross-examination accorded to him, does not violate the constitutional mandate. *United States v. Macomb,* 26 Fed. Cas. 1132; *Mattox v. United States,* 156 U. S. 237, 39 L. Ed. 409, 15 S. Ct. 337; *United States v. Greene,* 146 Fed. (D. C. Ga.), 796.

■ With respect to the protection afforded by the provisions of state constitutions containing language identical with, or equivalent to, that appearing in the Washington constitution, there is practically a unanimity in the judicial decisions in this country to the effect that, however expressed, the constitutional right of an accused person to confront the witnesses against him is not infringed by the reproduction of the testimony given by those witnesses at a former trial at which the accused was present and accorded the opportunity for cross-examination, when such witnesses are not available at the subsequent trial.

In an exhaustive annotation covering sixty-nine pages, appearing in 15 A. L. R. (1921) 496 *et seq.,* it is said on page 503:

"The rule has been settled now in practically every jurisdiction that the reproduction of testimony taken at a former trial or in the presence of accused at a preliminary hearing, when the presence of the witness cannot be secured, does not contravene the constitutional right of an accused to confront the witnesses against him, in whatever language such right has been given."

In support of this rule, the annotator has cited a vast array of cases, the specific recitation of which is unnecessary here. It may be conceded that the principle therein announced has been established only over the vigorous protest of various dissenting judges and even by overruling some other cases, but the fixity of the rule cannot now be doubted. It also is true that many of the cases which support that statement of the rule dealt with situations where the testimony sought to be reproduced was that of a witness who had since died or had left the jurisdiction of the court, as well as situations where the witness could not, after diligent search and inquiry, be found. This court, however, in the case of *State v. Waite,* 141 Wash. 429, 251 Pac. 855, expressed its view that such evidence was admissible under whatever circumstances the witness at a former trial could not be produced at the subsequent trial. The court said:

"The great majority of the cases support the latter rule [admitting the testimony of a witness who either cannot be found or is shown to be beyond the jurisdiction of the court] and on principle it would seem that, if the testimony is admissible at all, it ought to be admissible whenever for any cause the witness cannot be produced at the subsequent trial. It is the inability to produce the witness in person that furnishes the foundation for the modification of the general rule [prescribed by the constitution], and this is as potent a reason under the one circumstance as it is under the other."

In the same annotation appearing in 15 A. L. R., the author says, further, on page 544:

"As has been seen from subd. I. supra, [referring to the author's discussion of the rule quoted above] after the passage of the English statutes permitting the preservation of testimony at preliminary examinations, the notes taken by the magistrates were not the sole method of proving the testimony given, and, before the time when court stenographers became common, the only way of proving testimony given at a former trial was by the memory of one who heard it, aided by such notes as he might have taken of the trial, which could not be read, but must be used, if at all, merely as an aid to memory. The result was that it early

became settled that the testimony of a witness who could not be produced at the trial *might be proved by parol.* And this seems to be still the general rule." (Italics ours.)

This latter statement is likewise buttressed by the citation of many cases.

In 79 A. L. R. (1932) at page 1409 appears this statement:

"The general rule announced in the original annotation [15 A. L. R. 544], that the former testimony of a witness who cannot be produced at the trial *may be proved by parol,* has been recognized in later cases. [Citing cases.]" (Italics ours.)

Again, in 122 A. L. R. (1939) at page 436 appears the same statement supported by the citation of a later case.

Subsequent to the preparation of the foregoing annotations, other cases have been decided, substantiating the rule that, when the presence of a witness at a subsequent trial cannot be obtained, proof of his testimony at a former trial at which the accused was present and accorded the right to cross-examine the witness may be admitted, and its admission does not contravene the constitutional rights of the accused. *Smith v. United States* (C. C. A. 4th), 106 F. (2d) 726; *Blanks v. State,* 30 Ala. App. 519, 8 So. (2d) 450; *People v. Hanna,* 36 Cal. App. (2d) 333, 97 P. (2d) 847; *Sukle v. People,* 109 Colo. 363, 125 P. (2d) 151; *Burns v. State,* 191 Ga. 60, 11 S. E. (2d) 350; *State v. Johnston,* 62 Idaho 601, 113 P. (2d) 809; *People v. Hawthorne,* 293 Mich. 15, 291 N. W. 205; *State v. Gregory,* 344 Mo. 525, 127 S. W. (2d) 408; *Armstrong v. State,* 68 Okla. Crim. 105, 95 P. (2d) 919; *Morris v. State,* 68 Okla. Crim. 147, 96 P. (2d) 88; *Sweet v. State,* 70 Okla. Crim. 443, 107 P. (2d) 817; *State v. Carr,* 67 S. D. 481, 294 N. W. 174; *Clark v. State,* 140 Tex. Crim. App. 25, 143 S. W. (2d) 378; *Conn v. State,* 143 Tex. Crim. App. 367, 158 S. W. (2d) 503; *State v. Burke,* 102 Utah 249, 129 P. (2d) 560.

It is true that in most of these recent cases the evidence admitted upon subsequent trials consisted of certified copies of transcripts of testimony taken upon former trials. Such instances, however, constitute but one illustration of the method by which former testimony may be reproduced.

At all events, the general rule, as expressed in the foregoing annotations, is not confined to instances of that kind, but is much broader, permitting proof of former testimony by parol.

In applying the rule last stated, it is now generally recognized and accepted that, where testimony is given at a former trial, in the presence of the accused, with the right of cross-examination accorded to him, and the presence of the witness giving such testimony cannot be obtained at a subsequent trial of the accused, the testimony of the absent witness may be proved by any person who was present at the former trial and who is able to state under oath that he heard, understood, and remembers the testimony, at least in substance.

A clear statement of this rule, together with a history of its development, the reasons underlying it, the extent of its application, and the limitation to which it is subject, is contained in 20 Am. Jur. 595, Evidence, § 710, as follows:

"If testimony given at a former trial is reduced to writing, such writing is the primary evidence thereof and should be used. However, before the time when court stenographers became common, the only way of proving testimony given at a former trial was by the memory of one who had heard it, aided by such notes as he may have taken of the trial. The result was that it early became settled that the testimony of a witness who could not be produced might be proved by parol and this is now the general rule. In attempting to supply testimony of a witness in a former trial, the secondary evidence ought manifestly to be as full and nearly as possible the same as that for which it is offered as a substitute. The exact words which the absent witness spoke would be the best evidence, and in some earlier cases, which have since been repudiated, it was required that the exact words of the witness be recited. The more reasonable and the now generally accepted rule is that the testimony given on a former trial by one unavailable as a witness on the subsequent trial, if admissible at all, may be proved by one present at the former trial who is able to state, under oath, the substance, as he heard and remembers it, of the testimony given at the former trial by the witness who is unavailable at the later trial. A juror, witness, stenographer, attorney, or any other person who

heard the testimony and is able to state its substance may be called. If the exact words were required, this would, in effect, abrogate the rule allowing secondary evidence in such cases, for it is incredible that any person would be able to recite with certainty the testimony of a witness which was minute and protracted or related to a transaction of a complicated character. The circumstance that the testimony was reduced to writing or was reported by an official stenographer will not necessarily preclude the proof of it by one present at the trial who is able to state at least the substance of the testimony. If, however, the person by whom it is offered to prove the testimony is unable to relate the substance of the whole of the former testimony, he is not to be permitted to testify to the portions of it which he remembers. Nor is the rule which permits a witness produced to prove the testimony of another at a former trial to give the substance of such former testimony to be construed so as to permit him to give the effect of the testimony as he understood it or his conclusions therefrom."

The law upon the subject, as expounded by the cases relative thereto, is also succinctly stated in 23 C. J. S. 130, § 898, in the following paragraph:

"Apart from such particular statutory modes of proof, it is held that any person who heard the former testimony of a witness is competent to testify to it. It must be shown that he had opportunity to hear the testimony; that he heard and understood all of it; and that he remembers it, at least in substance. He need not, however, give the witness' exact words, but may testify to the substance of what he heard, provided he covers the whole of the testimony, or at least the whole of the testimony, on the particular subject he is called to prove, including the cross-examination, and provided he reproduces it with substantial exactness. Where the testimony is thus proved orally, it has been held immaterial whether or not it was reported."

While, as has been suggested in the fore part of this opinion, this specific question has never been decided by this court, there are several cases in which, under one set of circumstances or another, testimony given at a former trial in a criminal action was allowed to be reproduced at a subsequent trial.

In the case of *State v. Cushing,* 17 Wash. 544, 50 Pac. 512, the defendant was convicted of murder in the second degree, and upon his appeal was granted a new trial. On the second trial he was convicted of manslaughter and again appealed. One of the witnesses on the first trial died before the commencement of the second trial, and at the latter trial the stenographer's typewritten report of his testimony on the first trial was read to the jury. This was assigned as error. In disposing of that assignment, this court said:

"Lastly, it is claimed that the court erred in admitting the testimony given on the former trial by the deceased witness, Thomas Hampton, and it is urged with much earnestness on the part of counsel that the action of the court was an infringement of § 22 of art. 1 of the constitution, which provides that in criminal prosecutions the accused shall have a right to meet the witnesses face to face. In support of their contention counsel cite the case of *Cline v. State* (Tex.), 36 S. W. 1099, wherein the majority of the court held, under a constitution providing that the accused had a right to be confronted by the witnesses, that testimony of a deceased witness given on a former hearing was inadmissible. No other case is cited by appellant, and it seems that the overwhelming weight of authority is to the contrary. [Citing cases and texts.]

"In *Mattox v. United States, supra* [156 U. S. 237, 39 L. Ed. 409, 15 S. Ct. 337], all of the decisions up to that time seem to have been examined and cited by the court, and it was held, in effect, by all the judges that such evidence was not intended to be excluded by the constitution. As was said in that case, 'the substance of the constitutional protection is preserved to the prisoner in the advantage he has once had of seeing the witness face to face and of subjecting him to the ordeal of a cross-examination.' "

In *State v. Waite,* 141 Wash. 429, 251 Pac. 855, from which we have already made quotation above, there had been a former trial in which a certain witness testified for the state. On the second trial, that witness could not be found and the trial court permitted his testimony given at the former trial to be read to the jury from the notes of the reporter who took his testimony at that trial. This court held that such testimony was admissible, citing the

case of *State v. Cushing, supra.* The court also stated in
its opinion that Rem. Comp. Stat., § 2306 (now Rem. Rev.
Stat., § 2306 [P. C. § 9137]), while not in terms applicable
to the situation then before the court, nevertheless recognized the rule that the testimony of a witness, taken at a
former hearing, may be read in evidence in criminal cases
when for any reason the witness cannot personally be
brought before the court. That section of the statute reiterates the constitutional requirement above mentioned, but
also provides that whenever any witness, whose deposition
shall have been taken pursuant to law by a magistrate, in
the presence of the defendant and his counsel, shall be absent and cannot be found when required to testify upon
any trial or hearing, so much of such deposition as the
court shall deem admissible and competent shall be admitted and read as evidence in such case.

In *State v. Galbraith,* 150 Wash. 664, 274 Pac. 797, it appears that upon a former trial a witness had testified for
the prosecution. When a second trial took place, the
witness could not be found. Diligent search for him had
been made, and it was fairly well established that he had
left the state. Upon such showing, the prosecuting attorney
offered the testimony of the stenographer who had taken
the testimony of the witness in shorthand upon the former
trial, to prove the testimony given by the witness upon
that trial. This was permitted over the objection of counsel for the accused, the trial judge evidently so ruling by
the authority of Rem. Rev. Stat., § 2306. This court held
that the claim of error assigned by the accused appellant
was not well grounded.

Again, in *State v. Lunsford,* 163 Wash. 199, 300 Pac. 529,
this court held that when a witness at a former trial cannot, after diligent search, be found, a duly certified transcript of his testimony given at the first trial may be read
in evidence upon a second trial.

While these cases from this jurisdiction are not squarely
in point on the precise question here under consideration,
they nevertheless indicate the trend of this court toward
the adoption of the general rule, above stated, as established

by the overwhelming weight of authority upon the subject, to the effect that such former testimony may be proved by parol.

■ The privilege of confrontation has at all times had its recognized exceptions, and these exceptions are not static, but may be enlarged from time to time if there is no material departure from the reason underlying the constitutional mandate guaranteeing to the accused the right to confront the witnesses against him. *Snyder v. Massachusetts*, 291 U. S. 97, 107, 78 L. Ed. 674, 54 S. Ct. 330, 90 A. L. R. 575.

If it should be argued that Rem. Rev. Stat., § 2306, referred to above, prescribes in terms the single exception to the strict intent of the constitutional provision, our response is that the purpose of the enactment of that statute was to make certain that which otherwise would have been doubtful, or possibly not permissible at all, that is, the taking and reading in evidence of depositions of witnesses in criminal cases. The statute simply removed all doubt of the admissibility of such evidence, provided the depositions are taken in the presence of the accused and his counsel, and the accused is at the same time accorded the right of cross-examination, thereby testing the recollection of the witness and sifting his conscience. 5 Wigmore (3d ed.) §§ 1395 to 1399, inclusive. Added to this is the fact that the cases from this court cited above, were all decided subsequent to the enactment of Rem. Rev. Stat., § 2306, and, as already suggested, those cases expressed the view of this court concerning the use of former testimony given in criminal actions.

■■ We are convinced upon both reason and authority that the offer of proof by the state in the case at bar should have been sustained by the trial court. However, in order that there may be no misunderstanding as to the procedure to be followed when it is sought to prove the testimony of a witness given at a former trial in a criminal action, we will now say that the party seeking the admission of such testimony must lay a proper predicate therefor by showing to the satisfaction of the trial court: (1) that the witness

whose testimony is sought to be produced is unavailable because of his death, insanity, or physical disability preventing his appearance in court, or his absence from the state or jurisdiction of the court without the connivance of the party seeking to introduce the testimony of such witness, or his absence when after diligent search and due inquiry he cannot be found, or his absence resulting from some other contingency of equal preventive force and gravity; (2) that such witness was sworn and testified in the former trial, and that the accused was present and had an opportunity for cross-examination; and (3) that the person through whom the testimony of the absent witness is sought to be reproduced will state, under oath, that he heard, remembers, and can relate the substance of all the testimony of such absent witness, or at least the substance of all such testimony on the particular subject sought to be proved. When such predicate is sought to be laid, the opposing party may cross-examine the offered witness, in the absence of the jury, if so desired, in order to test his ability to accurately remember and truthfully relate the testimony sought to be reproduced by him, and the sufficiency of the foundation laid for the admission of such testimony through the offered witness will then rest in the sound discretion of the trial court.

In the instant case, these essential requirements were fully met by the state's offer of proof. The judgment of the superior court is therefore reversed, with direction to proceed in accordance with the holding of this opinion.

BEALS, C. J., ROBINSON, SIMPSON, JEFFERS, MALLERY, and GRADY, JJ., concur.

MILLARD, J. (dissenting)—I dissent. I cannot concur in any opinion which deprives an accused of the right to meet the witnesses against him, face to face. The right of confrontation is the right of having the witness face to face with the accused in the tribunal having jurisdiction to permit the privilege of cross-examination—in the tribunal which determines defendant's guilt or innocence of the crime charged. The gradual deprivation of the accused

in criminal cases of constitutional rights, courts may not justify by thinly spun exceptions.

It has well been said that the right of confrontation is not granted by the Federal and state constitutions, but is a right secured by those constitutions.

Mere words, such as the following language from 14 Am. Jur. 891, do not warrant judicial repeal of this valuable right:

"The constitutional guaranty carries with it the exceptions to the common-law principle which it embodies. It has even been suggested that the exceptions are not static, but may be enlarged from time to time if there is no material departure from the reason of the general rule."

BLAKE, J., concurs with MILLARD, J.

[1]Reported in 157 P. (2d) 309.