[No. 404-1.    Division One—Panel 2.    December 14, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. BERNARD E. McIntyre, *Appellant*.

*Barokas, Martin, Richey & Schaefer, Dale R. Martin,* and *Jack A. Richey,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *John R. Cuningham, Deputy,* for respondent.

Horowitz, A. C. J.—Defendant, Bernard E. McIntyre, and his brother, codefendant Franklin Delano McIntyre, after a joint trial, were each found guilty of grand larceny by possession of a television set. Both appeared by the same

court appointed counsel below. This appeal, however, concerns only appellant who appears by new court appointed counsel.

On November 3, 1969, defendant Bernard McIntyre was driving east on Highway 10 with his wife, and his brother Franklin McIntyre in the front seat beside him. The car was traveling erratically and Officer Tew, of the Mercer Island Police Department, pulled the car over and began administering roadside sobriety tests to defendant. Defendant was intoxicated and had no driver's license. Officer Koenig arrived on the scene and began questioning Franklin McIntyre who remained in the car. Both officers observed a television set in the trunk of the car and because the trunk lid was ajar were able to ascertain that it was a Dumont color set. Sergeant Nolan, who arrived on the scene somewhat later than Officer Koenig, observed that the manufacturer and repair stickers had been removed from the back of the set. In addition, the television set was placed in the trunk in such a manner so as to damage it in transit.

Franklin McIntyre had stated to Officer Koenig that the set was his and was a black and white Motorola; and the appellant had stated that the set was his but that he did not know the make. After ascertaining that none of the occupants of the car had a driver's license, a tow truck was summoned and the car was towed to the station. On the way to the station, appellant was in one car and Franklin McIntyre was in another. Appellant then explained that the set was a black and white model which he and his brother had purchased from a private party 1½ years ago.

Upon arrival at the police station Officer Koenig and the tow truck driver removed the set from the trunk. It was then taken inside the police station. The car, along with end tables and lamps in the back seat which were not removed, was taken to the impound yard. Inside the station Franklin stated that he knew nothing of the set except that his brother bought it in Spokane 6 months ago. However, appellant stated that he and his brother had purchased it 1½

years ago. Thereafter, the set was marked and placed in the evidence room. Both Franklin and appellant's wife arranged transportation home and appellant was held on traffic charges. The next day the officers discovered that the set was stolen as they had suspected. The day after this appellant was questioned again about the set and he claimed that he purchased it from a man named Marshall at the Pee Wee Tavern on November 2, 1969.

Defendant first contends that the trial court should have granted a motion to suppress evidence of the television set because it had nothing to do with the traffic charges on which he was arrested and therefore could not be seized without a warrant. *See State v. Wilson,* 70 Wn.2d 638, 424 P.2d 650 (1967); *People v. Marsh,* 20 N.Y.2d 98, 281 N.Y.S.2d 789, 228 N.E.2d 783 (1967). The parties stipulated that the motion to suppress should be heard at the time of trial rather than prior thereto. At the time the court ruled, the court had before it the evidence above summarized.

The state contends that the set was not seized incident to the traffic charge arrest. It contends rather that the set was in plain view of the seizing officer who had a right to be in the position to have that view and who, at the time of the seizure, had probable cause to believe that the television set was stolen. No search was involved and no search warrant was necessary. There is direct and inferential case support for this view. *Creighton v. United States,* 406 F.2d 651 (D.C. Cir. 1968); *State v. Helms,* 77 Wn.2d 89, 459 P.2d 392 (1969); *see Harris v. United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968); *People v. Marshall,* 69 Cal. 2d 51, 442 P.2d 665, 69 Cal. Rptr. 585 (1968); *see also Chambers v. Maroney,* 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970); *Warden v. Hayden,* 387 U.S. 294, 18 L. Ed. 2d 782, 87 S. Ct. 1642 (1967); *cf. Chimel v. California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969). In the instant case, probable cause consisted of conflicting stories concerning the ownership of the television set, the unfamiliarity of the defendant and his brother with the nature of the set, the apparent removal of identification marks from

the set and the careless way in which the set was being transported in the defendant's car. We are not called upon to determine the scope of possible limitations of the doctrine of seizure of articles in plain view; nor need we decide whether the seizure here was also proper as being in the course of an administrative inventory of a car lawfully in the officer's custody or possession. *See Harris v. United States, supra.*

Appellant further contends that the trial court erred in not granting a mistrial sua sponte when Officer Nolan testified concerning a statement of codefendant Franklin to the effect that appellant had brought the television set from Spokane some 6 months before. There was also testimony from the officer, given in the presence of the jury, to the effect that the codefendant Franklin stated that the set belonged to him and was a black and white Motorola model. Appellant claims that the testimony concerning Spokane incriminated the appellant by placing the initial possession of the television set in the appellant and, because appellant's counsel also represented the codefendant who later testified, appellant's counsel could not cross-examine the codefendant on the accuracy of the statement. He relies on *Bruton v. United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968) which is applicable to a state prosecution. *Roberts v. Russell,* 392 U.S. 293, 20 L. Ed. 2d 1100, 88 S. Ct. 1921 (1968). *Bruton* is clearly distinguishable. *See, e.g., State v. Todd,* 78 Wn.2d 362, 474 P.2d 542 (1970); *State v. Gardner,* 54 N.J. 37, 41, 252 A.2d 726, 730 (1969). In *Bruton* the codefendant's oral confession, identifying and incriminating the defendant, was admitted into evidence. It was clear that the defendant was prejudiced thereby. The court held that a conviction on a federal charge of armed postal robbery following a joint trial with his codefendant, the codefendant not testifying, should be set aside because the defendant was deprived of his constitutional right to cross-examine on the codefendant's statement. A jury instruction, directing the jury to consider the confession only on the question of the codefendant's guilt,

was held not to be an adequate substitution for the defendant's right to cross-examine. It should be noted that in *Bruton* neither defendant nor the codefendant testified so that the oral confession admitted was highly prejudicial to the defendant.

In the instant case, we find no prejudice. The codefendant's statement was not incriminatory on its face. If anything, the statement absolved the defendant from any wrongdoing because it placed presumptive rightful possession in the defendant; and other undisputed evidence in the case showed that the television set was in the defendant's car when the defendant was arrested and hence presumptively in his possession. More important, however, both defendants testified later in the case and both relied on the defense that the defendant had purchased the television set on the night of November 2 from a Mr. Marshall, defendant obtaining a receipt for the purchase price. The effect of this common defense was to repudiate the codefendant's statement, the admission of which is the basis of the defendant's claim that a mistrial should have been granted by the trial court sua sponte. Neither cross-examination nor direct examination could have accomplished any more. Furthermore, the defenses relied on by defendant and codefendant, when each testified, were compatible and there was no necessity for representation of each by a separate counsel. *State v. Todd, supra.* The defenses being compatible and the codefendant's statement being in effect repudiated by him, there was no duty on the part of the trial court sua sponte or otherwise to grant a mistrial. *State v. Todd, supra; see* Note, 1970 Duke L.J. 329, 336-44. Even if it could be said that there was error in failing to grant a mistrial, under the circumstances presented in the instant case, we find on a review of the entire record that the claimed error "was harmless beyond a reasonable doubt." *See Harrington v. California,* 395 U.S. 250, 23 L. Ed. 2d 284, 89 S. Ct. 1726 (1969), applying the rule of *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967).

Appellant has filed a supplemental brief pro se making two additional assignments of error, the second of which is moot. His first additional claim of error is that the court erroneously overruled defendant's objection to hearsay testimony presented by Officer Tew. The record shows that the complaining witness, Sheila Mae Hoefer, was sick on the day of trial. Officer Tew was permitted to testify that Mrs. Hoefer had identified the set when she testified at the defendant's preliminary hearing on November 26, 1969. The officer's testimony was first received outside the presence of the jury. Defendant's counsel, who had been present at the preliminary hearing and who had an opportunity to cross-examine Mrs. Hoefer, was asked by the court below if he had anything to bring out on the cross-examination of Mrs. Hoefer if she were present. The court indicated that if he needed to cross-examine for that purpose, the officer's testimony would not be received and a continuance for a reasonable time would be granted so that Mrs. Hoefer could be present. Defendant's counsel stated he had nothing to bring out on cross-examination. The testimony was then presented to the jury but over the defendant's objection. We find no error.

It is true that *State v. Ortego*, 22 Wn.2d 552, 157 P.2d 320, 159 A.L.R. 1232 (1945) held *inter alia* that the right of confrontation contained in the federal constitution is not applicable to proceedings in state courts. On this point, *State v. Ortego, supra,* must yield to the contrary rule since announced in *Pointer v. Texas*, 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965) and cases following. *See e.g., Roberts v. Russell*, 392 U.S. 293, 20 L. Ed. 2d 1100, 88 S. Ct. 1921 (1968). However, neither *Pointer* nor *Roberts* hold that, when the presence of the witness cannot be secured, the right of confrontation conferred by the United States Constitution is violated by the admission of reproduced testimony, taken in the presence of an accused at a preliminary hearing, where accused has been afforded and has exercised the right of cross-examination. *State v. Ortego, supra,* holds that the admission of the evidence ob-

jected to here does not violate defendant's right of confrontation under the state constitution. We see no reason to apply a different rule under the facts here especially when defendant's counsel stated, in response to the court's conditional offer of a continuance, that he had nothing further to bring out on cross-examination. It is not necessary to determine whether the Ortego rule may extend beyond the factual pattern presented by this case.

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.