[No. 342-1.    Division One—Panel 2.    February 16, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD R. ELKINS, *Appellant.*

*Miller, Howell & Watson* and *John M. Watson,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Michael DiJulio, Deputy,* for respondent.

SWANSON, J.—Gerald R. Elkins was convicted of attempted burglary in the second degree[1] by King County Superior Court Judge Warren Chan, sitting without a jury. The state charged, and the court found, Elkins attempted to break out of a structure owned by Puget Sound Power & Light Co., and located at 2835 South 344th Street in King County, Washington, after having committed a crime therein. Elkins appeals and claims the court erred in admitting his confession into evidence and denying his motion to dismiss for insufficient evidence.

At the trial, appellant did not deny that his constitutional rights were explained to him, that he understood them, and that he did not want an attorney present during the interview. He further conceded that no force was used against him and that he freely gave the statement as to his involvement in the burglary. He admitted signing his name on both pages of his statement. Notwithstanding

---

[1] RCW 9.19.020. "Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, enter the dwelling house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

such admission, he attacks the court's finding of voluntariness on the grounds that he advised the detective of his lawyer's name and would have made a specific request for his lawyer had he not been under the influence of LSD and alcohol. In addition, he claims that he was not affirmatively told that no questioning need take place until counsel was present. The result was that he did not have counsel present when his statement was made. He also argues that he could not understand the written or oral explanations of his constitutional rights because of his drugged condition and lack of education.

As is our duty under *State v. Hoffman*, 64 Wn.2d 445, 451, 392 P.2d 237 (1964), we have carefully examined the record in this case and find nothing which could, even when interpreted in a light most favorable to appellant, cause us to overturn the trial court's findings, for they are amply supported by the evidence. The only fact in dispute is appellant's assertion that he was under the influence of drugs and liquor. This contention is contradicted by the detectives' testimony that the appellant did not appear to have difficulty understanding what was being said to him, nor did he seem to be under the influence of drugs or liquor.

Appellant's second argument is that the evidence was insufficient to establish beyond a reasonable doubt each element of the crime charged in the information, independent of the confession. The physical evidence at the scene, even though the property (200 pounds of copper wire, bolt cutters and tools taken from the line trucks parked at the dock) was abandoned inside the compound, was sufficient to establish a taking and to support the inference that the lock was broken off the gate so the stolen property could be removed. No interpretation of the evidence is consistent with a reasonable hypothesis of innocence. *State v. Dugger*, 75 Wn.2d 689, 690, 453 P.2d 655 (1969); *State v. Palmer*, 1 Wn. App. 152, 156, 459 P.2d 812 (1969).

We find no error in the record.

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.