[No. 3333-1. Division One. March 15, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM ALLEN SMITH, *Appellant*.

104

*A. Stevens Quigley* and *Richard McKinney*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Diane G. Geiger, Deputy*, for respondent.

CALLOW, J.—The defendant appeals from a conviction on two counts of taking and riding in a motor vehicle without the permission of the owner. RCW 9.54.020. We find no prejudicial error and affirm the trial court.

The defendant was arrested at approximately 4 a.m. on February 26, 1974. At 7:30 p.m. on February 26, 1974, detectives from the Kent Police Department began to question him regarding the theft of two automobiles. Immediately before the interrogation, the defendant had said to his cellmates that he was intoxicated from barbiturates. During the subsequent questioning, he confessed, orally and in writing, to his involvement in the two vehicle thefts.

Before trial, the defendant moved to suppress the confessions on the basis that, due to his barbiturate intoxication at the time of the interrogation, the confessions were involuntarily given and, consequently, inadmissible. At the hearing on the motion, the defendant testified that he was intoxicated with barbiturates at the time of the confessions. After hearing additional conflicting evidence on the intoxication issue from both witnesses for the defendant and the interrogating police officers, the trial court found that, although the defendant was intoxicated when arrested, he was not intoxicated at the time of the confessions. The trial court held that the confessions were voluntary, but the defendant was permitted to reassert the intoxication contention and present medical testimony on the issue at trial.

The defendanft reopened the issue of intoxication at the

time of trial. Medical testimony was offered and admitted. The defendant also offered his former testimony at the suppression hearing and his statements prior to the police questioning concerning his barbiturate intoxication at the time of the confessions. Admission of both the former testimony and the statements, however, was refused. The trial judge, like the hearing judge, also found that the defendant was not intoxicated at the time of confession.

The defendant asserts that the trial court prejudicially erred in excluding his testimony at the pretrial suppression hearing and his statements immediately prior to the interrogation concerning his barbiturate intoxication and in concluding that the confessions were voluntarily made.

The defendant's first contention is that his former testimony at the suppression hearing concerning his claimed intoxication at the time of the confession should have been admitted at trial under the former testimony exception to the hearsay rule. Pretrial testimony is generally admissible at a later trial if the witness is unavailable, the prior testimony was under oath and subject to cross-examination, and the person relating the prior testimony was present, heard the testimony, and can state in substance the nature of the testimony sought to be established. *State v. Roebuck*, 75 Wn.2d 67, 448 P.2d 934 (1968); *State v. Ortego*, 22 Wn.2d 552, 157 P.2d 320, 159 A.L.R. 1232 (1945). The question presented is whether a defendant's claim of the privilege against self-incrimination at trial is such an unavailability as will allow the admission of the same defendant's former testimony in his behalf.

■ The defendant cites *State v. Solomon*, 5 Wn. App. 412, 487 P.2d 643 (1971), to support his contention that invoking the Fifth Amendment privilege against self-incrimination constitutes unavailability for purposes of the rule governing admission of former testimony. In that case, however, the prosecution attempted to introduce the preliminary hearing testimony of, not the defendant, but two witnesses who had invoked the Fifth Amendment privilege against self-incrimination at trial. Witnesses other than the

defendant himself, therefore, were involved. *See Stone v. State*, 85 Wn.2d 342, 534 P.2d 1022 (1975). Here the defendant chose not to testify at trial. This does not constitute a sufficient showing of unavailability to allow introduction of a defendant's former testimony. Unavailability, for purposes of the hearsay exception, must be "without the connivance of the party seeking to introduce the testimony" of the absent witness. *State v. Ortego, supra* at 564. A defendant responsible for his own absence or unavailability cannot be considered unavailable for purposes of introducing his own prior testimony. *State v. Small*, 20 N.C. App. 423, 201 S.E.2d 584 (1974).[1]

Further, permitting the defendant to introduce his pretrial testimony would be contrary to CrR 3.5. CrR 3.5 mandates a pretrial hearing to determine the admissibility of statements by an accused. The rule permits a defendant to choose whether he will testify or not at the pretrial hearing. The rule also enables a defendant to present evidence at trial concerning the issue of voluntariness and the judge or jury to "give such weight and credibility to the confession in view of the surrounding circumstances" as the fact finder deems appropriate. Under CrR 3.5, any reference at trial to a defendant's testimony at the pretrial hearing is forbidden unless the defendant testifies at the trial concerning the statements.

The converse of this provision is that, if a defendant does testify at trial concerning the statement, then the prosecution may cross-examine the defendant at trial as "any other witness." CrR 3.5(d)(3). Here the defendant is attempting to testify at trial concerning the voluntariness of the confession through admission of his former testimony without subjecting himself to cross-examination. This is contrary to the intent and purpose of CrR 3.5. The defendant's former testimony was also properly excluded as a self-serving hearsay

---

[1]*See also* Fed. R. Evidence 804(a), which provides, in relevant part, that "A declarant is not unavailable as a witness if his . . . claim . . . is due to the procurement . . . of the proponent of his statement . . ."

declaration of an accused. *Cf. State v. Johnson*, 60 Wn.2d 21, 371 P.2d 611 (1962); *State v. Haga*, 8 Wn. App. 481, 507 P.2d 159 (1973); *State v. Fullen*, 7 Wn. App. 369, 499 P.2d 893 (1972), *cert. denied*, 411 U.S. 985 (1973); *State v. Huff*, 3 Wn. App. 632, 477 P.2d 22 (1970); 5 R. Meisenholder, Wash. Prac. § 381, at 380 (1965).

The defendant's second contention is that excluding his statements to other inmates concerning his barbiturate intoxication made immediately prior to the police interrogation and the resulting confession was error. He asserts that the statements should be admissible under the declarations of physical and mental condition exception to the hearsay rule. The statements were likewise self-serving and their admission would have similarly avoided cross-examination at trial and circumvented the purpose of CrR 3.5.

 Finally, the defendant claims that the trial court erred in concluding that the defendant's confessions were freely and voluntarily given. A trial court's conclusion as to admissibility of a confession will not be set aside on appeal if, after an examination of the record, substantial evidence supports that conclusion. *State v. Fullen, supra; State v. Elkins*, 4 Wn. App. 273, 480 P.2d 776 (1971). Here the testimony of the two questioning detectives that the defendant functioned normally and appeared neither intoxicated nor under the influence of drugs during the interrogation supports both the finding that the defendant was not intoxicated and the conclusion that the confession was voluntary. *State v. Elkins, supra*. In any event, even had it been established that the defendant was under the influence of barbiturates at the time of his confession, that fact would be but a relevant circumstance to consider in determining the voluntariness of the confession. Intoxication alone does not, as a matter of law, render a confession involuntary and inadmissible. *State v. Cuzzetto*, 76 Wn.2d 378, 457 P.2d 204 (1969); *State v. Elkins, supra; State v. Jones*, 2 Wn. App. 627, 472 P.2d 402 (1970); Annot., 69 A.L.R.2d 384 (1960); 29 Am. Jur. 2d *Evidence* § 578 (1967).

The exclusion of the self-serving testimony was proper

108

and the finding that the defendant was not intoxicated at the time of interrogation was supported by substantial evidence.

Affirmed.

WILLIAMS, C.J., and FARRIS, J., concur.

Petition for rehearing denied May 27, 1976.

Review denied by Supreme Court October 5, 1976.