[No. 29975. Department Two. November 15, 1946.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY EUGENE ATKINS, *Appellant*.[1]

*Warner, Pierce & Peden,* for appellant.

*Lloyd Shorett* and *Harold M. Eastvold,* for respondent.

SIMPSON, J.—The defendant was charged in an information with four counts of the crime of forgery in the first degree. In each count, defendant was accused of having forged and disposed of a forged check on or about June 25,

[1]Reported in 174 P. (2d) 427.

1943. The case came on for trial, and the jury found defendant guilty of each of the four counts; motion for a new trial having been made and overruled, judgment and sentence was entered, from which the defendant appealed.

His assignment of error is that the court erred in denying his motion for a new trial on the grounds that reversible error had been committed when the trial court allowed a nonexpert witness to express an opinion as to the genuineness of the handwriting on several exhibits.

The method of proving the forgeries and disposal of the forged instruments was as follows: Concerning count No. 1, a witness testified that appellant presented a check to him, and that the endorsement thereon was made by appellant with an indelible pencil in the presence of the witness; other witnesses testifying as to counts Nos. 2, 3, and 4, stated in each instance that they cashed checks in their places of business for appellant. All of the witnesses stated that the checks were not signed by persons who had accounts in the bank.

John F. Gallagher was then called and testified that a comparison of the signature on the checks mentioned in counts Nos. 2, 3, and 4, with the signature on the check in count No. 1, revealed that they were in the same handwriting as the proven signature on the check identified in count No. 1.

It is clearly apparent that the amount of proof was sufficient to warrant a conviction.

Mr. Gallagher testified that he had been in the banking business thirty years and during that period of time had advanced through the whole organization from messenger to his present position of assistant cashier. He said that he had dealt with signatures and endorsements "practically every day." The exhibits were admitted without objection. The trial court was of the opinion that the witness was qualified and allowed him to give his opinion as to the handwriting on the various exhibits.

In passing upon the qualifications of witnesses, this court has held that much is left to the discretion of the trial court, and its ruling will not be interfered with except in

the case of an abuse of discretion. After reading the testimony as contained in the statement of facts, we hold that the court did not abuse its discretion in any way. The witness had had practical business experience for over thirty years, during which time he became thoroughly acquainted with the signatures of many individuals and was able to ascertain whether or not they were genuine. The knowledge obtained by experience is in most cases much better than that which theorists elaborate in their libraries. The conclusion we have reached relative to the correctness of the court's ruling in allowing Mr. Gallagher to testify is in keeping with our decision in *State v. Kennedy,* 19 Wn. (2d) 152, 142 P. (2d) 247.

The record is free from error, and the judgment is therefore affirmed.

MILLARD, C. J., STEINERT, MALLERY, and SCHWELLENBACH, JJ., concur.