[No. 34209. Department Two. March 13, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. WALLACE BISHOP, *Appellant*.[1]

*Ward V. Williams*, for appellant.

*Tom A. Durham*, for respondent.

WEAVER, J.—Appellant was convicted of the crime of burglary in the second degree.

On appeal to this court, he makes two assignments of error: (1) that the court erred when it permitted Manley Olson to testify; and (2) that the court erred when it refused to grant a new trial, because of alleged misconduct of the prosecuting attorney.

[1] Reported in 322 P. (2d) 883.

When Manley Olson was first called as a witness, the court granted the request of appellant's counsel that the jury retire. Manley Olson and his mother were examined and cross-examined in the absence of the jury to determine his competency to testify.

RCW 5.60.050 provides, in part:

"The following persons shall not be competent to testify: (1) Those who are of unsound mind, . . ."

In *Sumerlin v. Department of Labor & Industries*, 8 Wn. (2d) 43, 56, 111 P. (2d) 603 (1941), we quoted with approval from *State v. Hardung*, 161 Wash. 379, 381, 297 Pac. 167 (1931):

"While it is true we have a statute which declares that a person of unsound mind is not competent to testify (Rem. Comp. Stat., § 1213) [RCW 5.60.050], the statute itself offers no definition of the term 'unsound mind.' Nevertheless, we think it must include those persons only who are commonly called insane; that is to say, those suffering from some derangement of the mind rendering them incapable of distinguishing right from wrong. It cannot include within its terms the mere ignorant or uneducated, nor those who are incapable of receiving all of the impressions within the comprehension of those more commonly gifted. In other words, the statutory term refers to those who are without comprehension at all, not to those whose comprehension is merely limited."

The determination of the competency of a witness to testify is peculiarly within the discretion of the trial court. *State v. Moorison*, 43 Wn. (2d) 23, 33, 259 P. (2d) 1105 (1953); *State v. Atkins*, 26 Wn. (2d) 392, 393, 174 P. (2d) 427 (1946). The record does not disclose that the trial court abused this discretion. Appellant's first assignment of error is not well taken.

Ray L. Eckenberg had been charged jointly with appellant. He pleaded guilty and was placed on probation. At appellant's trial, the state called him as a witness. In his argument to the jury, counsel for appellant posed the question of Mr. Eckenberg's credibility. He stated:

"He [Eckenberg] was scared to death of his own neck. His whole activity since he went over to the police station

was to take care of himself and to free himself, and that he has accomplished and that he is continuing to accomplish, to remain at liberty. Certainly the greatest motive in the world for him to come here and speak as he did, and his whole conduct is to stay free, *to cooperate with the Prosecutor, to have a good recommendation from the Prosecutor.*" (Italics ours.)

These remarks of defense counsel, especially the portion we have italicized, led the prosecuting attorney to believe that he was being accused of having promised Mr. Eckenberg probation in return for a plea of guilty and favorable testimony at appellant's trial; consequently, during his closing argument to the jury, the following took place:

" . . . Now this business about being promised probation is hog wash. The Court—that isn't up to the Prosecuting Attorney. The Prosecuting Attorney cannot promise anybody that. That is a matter of law. Mr. Williams [defense counsel] If Your Honor please, I very much hate to interrupt argument. That is not in the evidence. The evidence was he was promised. Mr. Durham [prosecuting attorney] That certainly isn't the law and you know it. The Court: The objection will be sustained. Mr. Durham: *Well, I can assure you I never promised anybody probation.* Ladies and gentlemen, this has been for all of you your first criminal jury trial, . . . " (Italics ours.)

The jury having retired, appellant's counsel moved for a mistrial, based on this alleged misconduct of the prosecuting attorney.

■ It appears that counsel's remark—"Well, I can assure you I never promised anybody probation"—was addressed *to the court and not to the jury,* although made in the presence of the jury. In effect, it only amplified the prosecutor's first statement *to which an objection was sustained by the court.* It is apparent that the two statements are, in fact, the same thing. They are so closely connected in thought and time that the jury could not have gotten any impression other than that the court's ruling was applicable to both objectionable statements.

We do not commend this occurrence, but we are satisfied

that the error was not prejudicial; hence, appellant's second assignment of error is without merit.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

April 21, 1958. Petition for rehearing denied.