[No. 38634.    Department Two.    June 15, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. GLEN LESTER WYSE, *Appellant*.*

*Sullivan, Guterson, LaRose & Rindal,* by *Lewis Guterson,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Neal J. Shulman,* for respondent.

WEAVER, J.—There is evidence, if believed, that supports a verdict of guilty. The jury believed the evidence, for it found defendant-appellant guilty of one count of taking in-

*Reported in 429 P.2d 121.

decent liberties on the person of a female child 14 years of age, and guilty of one count of the crime of sodomy.

Defendant makes one assignment of error:

> · The trial court committed prejudicial error in limiting the scope of the inquiry into the complaining witness' competency and committed an abuse of discretion in permitting the complaining witness to testify.

It appears from the assignment that the trial court limited defense counsel in his inquiry into the competency of the complaining witness to testify. Such is not the case. We have read the entire record. The clinical psychologist of the Seattle public school system and the school counselor testified at length concerning many characteristics of the complaining witness while attending a school for retarded children. Over objection, there was admitted into evidence a file of school records and reports made by social workers, teachers, psychologists, and counselors. No further offer of proof was made.

The trial court instructed:

> It is not a defense to charges such as made here that the child alleged to be involved is mentally retarded, has told lies, or is generally of bad character. Evidence of her conduct at school and the *school records were admitted for a limited purpose only.* You may give this consideration, if you wish, only on the question of the *competency* of [name omitted] as a witness. If you believe the testimony of this witness, then you should disregard all evidence of the school records or her conduct at school. (Italics ours.)

No exception was taken to the instruction and it became the law of the case.

Defendant's sole contention is that the trial judge abused his discretion when he allowed the complaining witness to testify because: (1) she was of unsound mind; (2) her mental age was less than 10 years; and (3) she was incapable of receiving just impressions of fact and relating them truthfully. We do not agree.

Before a jury was impaneled, the court held a pretrial hearing in which defense counsel summarized for the court the school records of the complaining witness, which in-

cluded reports by various members of the Seattle school system regarding her abilities and inabilities, her background, home and school adjustments, together with the analysis and conclusions of those making the reports.

In addition, the trial judge interrogated the complaining witness during the pretrial hearing to test her competency as a witness. The trial court concluded:

I think this is as far as I am going to go with the hearing. I have gone far enough so that I am convinced that it's a question for the jury to decide that I cannot decide as a matter of law; that the question of competency of the witness, her ability to remember and all, and truthfulness, is for the jury not for the Court. So I will allow an exception.

We find nothing in the record to support the conclusion that the complaining witness was of unsound mind. It is true that she attended a school for the mentally retarded; she just wasn't as smart as some other kids.

█ If it is established that a witness is of unsound mind then the trial judge may, as a matter of law, declare that he is not competent to testify. RCW 5.60.050. There is nothing in the record before us to support such a conclusion.

In *State v. Hardung,* 161 Wash. 379, 381, 297 Pac. 167 (1931) (quoted with approval in *State v. Bishop,* 51 Wn.2d 884, 322 P.2d 883 (1958)), this court announced the following rule:

While it is true we have a statute which declares that a person of unsound mind is not competent to testify (Rem. Comp. Stat., § 1213) [RCW 5.60.050], the statute itself offers no definition of the term "unsound mind." *Nevertheless, we think it must include those persons only who are commonly called insane; that is to say, those suffering from some derangement of the mind rendering them incapable of distinguishing right from wrong.* It cannot include within its terms the mere ignorant or uneducated, nor those who are incapable of receiving all of the impressions within the comprehension of those more commonly gifted. In other words, the statutory term refers to those who are without comprehension at all, not to those whose comprehension is merely limited. (Italics ours.)

■ The third facet of defendant's contention—that the complaining witness was incapable of receiving just impressions of fact and relating them truthfully—is without merit. The guidelines by which the competency of a witness of tender years is to be determined was set forth recently in *State v. Allen,* 70 Wn.2d 690, 424 P.2d 1021 (1967), as follows:

(1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

The determination of the witness's ability to meet the requirements of this test . . . rest primarily with the trial judge who sees the witness, notices his manner, and considers his capacity and intelligence. These are matters that are not reflected in the written record for appellate review. *Their determination lies within the sound discretion of the trial judge and will not be disturbed on appeal in the absence of proof of a manifest abuse of discretion. State v. Ridley,* 61 Wn.2d 457, 378 P.2d 700 (1963), and authorities cited. (Italics ours.)

The testimony and cross-examination of the complaining witness more than meet this test. She was competent to testify as a matter of law. Her credibility was for the jury to determine. The trial judge did not abuse his discretion.

The judgment is affirmed.

FINLEY, C. J., ROSELLINI and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.