[No. 40003.    Department Two.    December 13, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. LENZIE ROEBUCK, *Appellant.*\*

\*Reported in 448 P.2d 934.

*Richard E. Keefe,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Herbert L. Onstad,* for respondent.

OTT, J.†—Lenzie Roebuck was convicted of the crime of assault in the second degree. From entry of the judgment and sentence based upon the jury's verdict, Lenzie Roebuck has appealed.

July 2, 1967, officers Harry Cole and Bert O'Brian, two Seattle policemen, noticed Lenzie Roebuck striking Alvin Hedquist, an elderly man, in a downtown alley. Lenzie Roebuck was arrested. July 17, 1967, a preliminary hearing was held in the District Justice Court before Judge James J. Dore. Lenzie Roebuck was present and represented by an attorney who had just been appointed by the court and had conferred with appellant shortly before the hearing commenced. The complaining witness, Alvin Hedquist, testified in essence that appellant had knocked him down and attempted to take his wallet. Officer Cole testified that he had observed appellant strike Mr. Hedquist and put his hand in Mr. Hedquist's pocket. Appellant's attorney did not cross-examine either witness.

At the superior court trial held on October 18, 1967, in the absence of the jury, Mr. Hedquist was brought into the courtroom on a stretcher. He was interrogated under oath by counsel and by the court. At the conclusion of the questioning, the court stated that Mr. Hedquist understood the meaning of an oath but could not properly answer questions propounded to him, and ruled as follows:

---

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The record can show that it is my determination that this witness does not have the testamentary capacity to testify and I don't think he is available as of this time for purposes of testifying.

The cause then proceeded to trial before the jury, the complaining witness not being present. Officers Cole and O'Brian testified that they had witnessed appellant strike Mr. Hedquist and reach into his pocket.

Since the court had ruled Mr. Hedquist to be unavailable, and the justice court is not a court of record, Judge James J. Dore was called to testify as to his recollection of the complaining witness' testimony at the preliminary hearing held before him on July 17, 1967. His testimony in this regard was as follows:

I looked through my notes which I keep contemporaneously with the preliminary hearings and under the date of July 17th I refreshed my recollection in the case of State versus Lenzie Roebuck. My notes indicate, and after reading them over I remember, that Alvin Hedquist testified that he had retired and lived at 214 First Avenue South. That he identified, he saw the defendant, defendant here, that he was knocked down and the defendant tried to take his wallet out of his pocket. He testified this happened on July 2nd, 1967.

Also, Officer Cole testified with reference to his recollection of Mr. Hedquist's testimony at the preliminary hearing:

Mr. Hedquist, as I recall, stated that he was walking in the alley when he was attacked by a Negro male who hit him, took his cane and hit him with it. Then he fell to the ground and he tried to take his billfold.

Appellant's sole assignment of error is that the trial court erred in permitting Judge Dore and Officer Cole to testify concerning their recollection of the complaining witness' testimony at the preliminary hearing. Appellant first asserts that the admission of the hearsay evidence was violative of the guarantees afforded him by the sixth and fourteenth amendments to the United States Constitution and article 1, section 22 of the Washington State Constitution.

■ Federal courts have held that prior testimony of an absent witness may be reproduced at trial when such testimony was given at a previous trial in the presence of the defendant and with the opportunity to cross-examine. The reproduction of such evidence is not violative of the sixth and fourteenth amendments to the United States Constitution. *Pointer v. Texas*, 380 U.S. 400, 13 L. Ed. 2d 923, 85 Sup. Ct. 1065 (1965); *Mattox v. United States*, 156 U.S. 237, 39 L. Ed. 409, 15 Sup. Ct. 337 (1895); *Government of Virgin Islands v. Aquino*, 378 F.2d 540 (3d Cir. 1967); *United States v. Greene*, 146 Fed. 796 (S.D. Ga. 1906). This court has held that such testimony is admissible when there is a satisfactory showing that (1) the witness is unavailable, (2) the witness was sworn to testify at the previous trial, (3) the accused was present and was afforded the opportunity to cross-examine, and (4) the person who seeks to relate the absent witness' testimony was present, heard the witness testify, and can state in substance the nature of the subject matter sought to be established. *State v. Ortego*, 22 Wn.2d 552, 157 P.2d 320, 159 A.L.R. 1232 (1945). The testimony given at a preliminary hearing can be similarly reproduced at a subsequent trial, when the former witness is unavailable, even though the first court did not have jurisdiction to try the cause on its merits but was limited to determining whether there was probable cause shown to bind the accused over to superior court for trial. *In re Pettit v. Rhay*, 62 Wn.2d 515, 383 P.2d 889 (1963); *Government of Virgin Islands v. Aquino, supra*. It is not necessary that defense counsel actually exercise the right of cross-examination at a preliminary hearing. The constitutional guarantee is satisfied if the opportunity to cross-examine is present. *Government of Virgin Islands v. Aquino, supra*. Applying these established rules to the facts of the instant case, we hold that appellant's right to be confronted by the witnesses against him was not violated by admitting the reproduction of evidence given at the preliminary hearing.

■ Appellant next contends that because defense counsel had been appointed just prior to the preliminary hear-

ing, and conferred with appellant for a brief period of time, his right to cross-examine was not meaningful due to his inadequate time for preparation. Appellant's counsel was aware of the short time that transpired between his appointment and the actual hearing. An attorney who has been admitted to practice law in the state of Washington is presumed qualified to represent his client before all the courts of this state. *State v. Griffith,* 52 Wn.2d 721, 328 P.2d 897 (1958). Counsel did not ask the court for a continuance to allow additional time for preparation. Absent such a request, we must assume that, after conferring with appellant, counsel concluded that he was prepared to represent his client at the hearing.

Appellant further asserts that the evidence was insufficient to establish the unavailability of the complaining witness, Mr. Hedquist, because medical proof was not offered to establish his incompetency. The subject witness was before the court, and his interrogation, in the absence of the jury, established to the court's satisfaction that the witness was incapable of testifying. In concluding that the witness was unavailable, the court stated:

> He is not qualified to testify because certainly over objection I couldn't permit the Prosecuting Attorney to lead him. He would apparently say yes to any of these things. I don't know what he would say yes to on cross-examination. He might turn around and say yes to anything you want to ask him. I don't know. I don't feel that I would permit him to testify.

There is no contention that the witness was mentally ill; he was nevertheless incapable of testifying. The determination of a witness' competency to testify is peculiarly within the discretion of the trial judge and his decision will not be disturbed in the absence of a showing of an abuse of that discretion. *State v. Bishop,* 51 Wn.2d 884, 322 P.2d 883 (1958). There is sufficient competent evidence in the record to sustain the trial court's determination of the witness' unavailability.

Appellant finally contends that the right to confront witnesses against him is a trial right, which includes both

the right to cross-examine and the opportunity for the jury to observe the demeanor of the witness. The issue of appellant's right to cross-examine has been herein previously resolved. Appellant relies on *Barber v. Page*, 390 U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968), in support of his contention that the confrontation clause of the Sixth Amendment includes the right for a jury to observe the witness' demeanor. While the cited case recognized the virtue of such a trial right, the decision was not predicated upon the violation of such a right but on the court's determination that the absent witness was in fact available for trial. The court citing *Aquino*, concluded its opinion on this point as follows:

> While there. may be some justification for holding that the *opportunity* for cross-examination of a witness at a preliminary hearing *satisfies the demands of the confrontation clause* where the witness is shown to be actually unavailable, this is not, as we have pointed out, such a case. (Italics ours.)

The court, in *Barber v. Page*, by citing *Aquino*, reaffirmed the rule therein expressed that when testimony from a prior hearing is admitted, the demands of the confrontation clause of the Sixth Amendment are not violated provided the unavailability of the absent witness is shown to exist, and the accused was afforded the right to cross-examine that witness at the former hearing.

The judgment is affirmed.

FINLEY, C. J., HILL, HUNTER, and McGOVERN, JJ., concur.

---

February 13, 1969. Petition for rehearing denied.