[Nos. 30663-4-I; 33109-4-I.    Division One.    December 15, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. CONNARD
V. WALTON, *Appellant*.

*In the Matter of the Personal Restraint of* CONNARD V.
WALTON, *Petitioner*.

*Alfred Louis Heydrich*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Gregory Earl Thulin, Deputy*, for respondent.

KENNEDY, J. — Connard V. Walton appeals his conviction of indecent liberties, contending for the first time on appeal that the trial court erred in admitting a police officer's concededly reliable videotaped deposition in violation of Walton's constitutional right to confront at trial the witnesses against him. Walton also claims that his trial counsel rendered ineffective assistance by failing to object to the use of the videotaped deposition at the time of trial.[1]

We conclude from the record that Walton's trial counsel made a conscious decision not to object to the introduction at trial of the videotaped deposition. RAP 2.5(a)(3), which allows a party to raise a manifest error affecting a constitutional right for the first time on appeal, does not serve as a vehicle for relief from conscious decisions of trial counsel not to litigate constitutional issues at the trial court level. Moreover, Walton fails to demonstrate that his trial counsel's decision not to object to the introduction of the videotape was constitutionally deficient representation.

Accordingly, we decline to address Walton's contention that he was deprived of his constitutional right to confront witnesses at his trial, we reject his contention of ineffective assistance of counsel and we affirm his conviction.

## FACTS

Walton was convicted by jury trial of indecent liberties after he approached a fellow employee from behind, placed his arms about her person, hugged her tightly against his body, resisted her effort to pull away and pressed his erect penis against her buttocks.

---

[1]Walton raises additional contentions on appeal and by way of a personal restraint petition, which we find to be without merit and which we treat in the unpublished portion of this opinion.

During the police investigation which followed the victim's complaint, Walton was twice interviewed by police. Walton told Officer Rossmiller that he had placed his arms around the victim, but he denied having held her tightly, he denied having had an erection and he denied that the physical contact was for the purpose of sexual gratification.

In a subsequent interview with Detective McNeill, Walton admitted that he had had sexual thoughts about the victim in the past. He stated that when he came upon her in the mail room at their place of employment she was bent over and that this caused him to become sexually aroused, so he grabbed her from behind as she straightened up and hugged her, pressing his erect penis against her buttocks for 15 to 20 seconds before she was able to pull away. Walton also stated that when the victim pulled away and walked off, his hopes that she might respond favorably to his sexual overture were dashed.[2]

Shortly before trial, Detective McNeill received the State's trial subpoena. McNeill promptly advised the prosecutor that, several months earlier, he had contracted to teach a polygraph course at Western Oregon State College in Monmouth, Oregon (south of Salem), commencing on the first day of Walton's trial and possibly spilling over into the second day of the trial.[3] McNeill also had planned to take several vacation days, so as to be able to visit with his brother in Oregon after he completed his teaching obligation at the college.

The prosecutor then scheduled a hearing to request the court to enter an order allowing McNeill's testimony to be perpetuated for trial by way of a videotaped deposition.

---

[2]In a pretrial CrR 3.5 hearing, Walton's confession to Detective McNeill was found to be admissible. No appeal from this decision has been taken.

[3]The record reflects that Walton's trial was expected to take 2 days and that McNeill had been asked to be available to complete his polygraph lecture on the second day of the program, if this should become necessary due to time constraints at the college. McNeill planned to travel to and from Oregon by car. McNeill testified at his subsequent deposition that Monmouth is approximately 6 to 7 hours south of Bellingham by car, depending upon traffic.

At the ensuing hearing, Walton's trial counsel objected on grounds that he had been served with the motion by fax only the previous day, that he did not believe there was sufficient time to edit and prepare copies of the videotaped deposition for purposes of the trial and that an affidavit from McNeill should have been provided, rather than the prosecutor's hearsay affidavit explaining McNeill's scheduling conflict.[4] Walton did not argue at this pretrial hearing that McNeill was actually available for trial and he did not challenge the sufficiency of the State's effort to secure McNeill's presence at trial. Neither side suggested that a trial continuance would be preferable to the use of a videotaped deposition at trial.

In granting the State's motion, the trial judge found that Detective McNeill would be unavailable for trial, and concluded that the court had no authority to order McNeill to breach his contract to teach the polygraph course.[5] The judge also found a distinction between McNeill's teaching obligation and a trip solely for vacation purposes.[6]

Walton and his attorney attended McNeill's videotaped deposition. Defense counsel thoroughly cross-examined McNeill, not only as to the substance of his testimony regarding Walton's confession but also as to McNeill's teaching engagement in Oregon. With reference to the latter area of inquiry defense counsel stated that there still might be an objection, at the time of trial, to the introduction of the videotaped deposition.

Nevertheless, there was no objection at the trial when the State offered and the trial court admitted McNeill's videotaped deposition on the second day of Walton's trial.

---

[4]The trial court's rejection of these objections has not been appealed.

[5]Walton does not assign error to these oral rulings or to any written order which may have been entered based on these rulings.

[6]The trial court appears to have been distinguishing McNeill's situation from that of the police officer witness in *State v. Sanchez*, 42 Wn. App. 225, 230-31, 711 P.2d 1029 (1985) (trial court erred in ruling police officer unavailable for trial solely out of respect for officer's vacation plans), *review denied*, 105 Wn.2d 1008 (1986).

Walton testified at trial, admitting that he had put his arms around his fellow employee but denying that he had ever had sexual thoughts about her, denying that he had an erection when he hugged her and denying that he had confessed anything to the contrary to Detective McNeill. Walton also theorized that the complainant may have confused items he carried in his pockets for an erect penis.

The jury convicted Walton of indecent liberties as charged. This timely appeal followed.

## DISCUSSION

### I

### RAP 2.5(a)(3)

Walton argues that we should consider his confrontation clause issue, in spite of his failure to object below, pursuant to RAP 2.5(a)(3).[7] The State argues that Walton waived the opportunity to litigate the issue below, in that his trial counsel clearly recognized the nature of the constitutional issue, deposed McNeill thoroughly on the subject of his availability for trial, affirmatively stated that he might object to the admission of the videotaped deposition at trial, and then failed to raise the objection at the time of trial.

We agree with the State's position. In *State v. Valladares*, 99 Wn.2d 663, 666, 672, 664 P.2d 508 (1983) the defendant brought a pretrial motion to exclude evidence seized during a warrantless search, but then affirmatively withdrew the motion. After he was convicted at trial the defendant appealed, assigned error to the trial court's "refusal" to suppress the evidence and argued that he could properly raise the issue for the first time on appeal because it was of "constitutional magnitude". *Valladares*, 99 Wn.2d at 671. Our Supreme Court declined to consider the issue: "The constitutional challenge having been waived or abandoned, we will not consider it further." *Valladares*, 99 Wn.2d at 672.

The *Valladares* court relied upon *Johnson v. United States*, 318 U.S. 189, 87 L. Ed. 704, 63 S. Ct. 549 (1943), in

---

[7]RAP 2.5(a)(3) provides that a party may raise a "manifest error affecting a constitutional right" for the first time on appeal.

which the United States Supreme Court found constitutional error but declined to reverse because the defense objection initially interposed had been affirmatively withdrawn during trial. The *Johnson* court noted that this was not a case of inadvertence or oversight but one of express waiver. *Valladares*, 99 Wn.2d at 672 (citing *Johnson*, 318 U.S. at 200).

In the instant matter it is clear from the record that Walton recognized the existence of the constitutional issue he now seeks to raise for the first time on appeal, for his counsel expressly stated at the videotaped deposition that Walton might object to use of the deposition at trial. The failure to raise the objection at trial when McNeill's videotaped deposition was offered could not have been a case of inadvertence or oversight. It could only have been the result of a conscious decision on the part of defense counsel.

Even now, Walton does not assign error to the trial court's pretrial finding that McNeill was not available for the trial.[8] Instead, he argues that the State failed to establish that it had exerted every reasonable effort to secure McNeill's presence at trial as required by *State v. Hobson*, 61 Wn. App. 330, 336, 810 P.2d 70 (prosecutor must use all available means to compel witness to appear, subject to limit of reasonableness), *review denied*, 117 Wn.2d 1029 (1991).

At the same time, Walton concedes that McNeill's testimony passes the reliability prong of the 2-prong test for admission of a witness' former testimony. *See Hobson*, 61 Wn. App. at 334 (confrontation clause requires that former testimony must be reliable and its admission at trial must be necessary). We accept this concession.

---

[8] We note in passing that any error in the trial court's determination that McNeill was unavailable for trial is far from "manifest". *See State v. Allen*, 94 Wn.2d 860, 866, 621 P.2d 143 (1980) (the question of unavailability to testify at trial is one of fact to be determined by the trial judge; defendant failed to assign error to trial court's finding that material witness, who had been ordered by United States Army to report for active duty and whose military career would be disrupted if he failed to report for duty, was not available for trial; record supported these findings; trial court's order allowing witness to testify by videotaped deposition affirmed on appeal, even though State had failed to request Army to change its order for convenience of the State).

Thus, we are faced with a Defendant's effort to obtain review of a constitutional issue the existence of which he clearly recognized at the time of trial, but which he consciously decided not to raise at trial, on a record which contains an unchallenged pretrial finding by the court of unavailability and in the face of a concession on appeal that the challenged testimony passes the reliability prong of the confrontation clause, leaving only the necessity prong at issue. Such is not the purpose of RAP 2.5(a)(3). Although a confrontation clause issue is clearly of constitutional magnitude, RAP 2.5(a)(3) requires a *manifest error* of constitutional magnitude, not simply the "[identification of] a constitutional issue not litigated below", *State v. Scott*, 110 Wn.2d 682, 687, 757 P.2d 492 (1988), and particularly not simply the identification of a constitutional issue *deliberately* not litigated below. *Cf. Valladares*, 99 Wn.2d at 672; *see also State v. Lynn*, 67 Wn. App. 339, 343-44, 835 P.2d 251 (1992) (recognizing that sophisticated defense counsel may deliberately avoid raising constitutional issues of little or no significance to the jury verdict but which might be a basis for a successful appeal).

In these circumstances, we conclude that RAP 2.5(a)(3) does not permit Walton to argue for the first time on appeal that the State failed to exert every reasonable means to secure McNeill's presence at trial. A conscious decision not to raise a constitutional issue at trial effectively serves as an affirmative waiver, different in form but not in substance from the express affirmative waivers in *Valladares* and *Johnson*. Accordingly, we decline to review the alleged constitutional error.

## II

### Ineffective Assistance of Counsel

Walton next contends that his trial counsel's failure to object to the use of Detective McNeill's videotaped deposition at trial constituted ineffective assistance of counsel. We reject this contention.

The test for ineffective assistance of counsel has two parts: first, a defendant must show that defense counsel's

performance fell below an objective standard of reasonableness; if so, the defendant still must show that the conduct prejudiced the defense. *See State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987); *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). The purpose of the requirement for effective assistance of counsel is to ensure a fair and impartial trial. *Thomas*, 109 Wn.2d at 225-26.

Under the first prong, courts are highly deferential when examining counsel's performance, employing a strong presumption of reasonableness. *Strickland*, 466 U.S. at 688. A court will not consider tactical trial decisions or matters of trial strategy to be ineffective assistance. *State v. McFarland*, 73 Wn. App. 57, 71, 867 P.2d 660 (citing *State v. Carter*, 56 Wn. App. 217, 224, 783 P.2d 589 (1989)), *review granted in part*, 124 Wn.2d 1017 (1994). The defendant satisfies the second prong only by showing that there is a reasonable probability that, but for defense counsel's error, the result would have been different. *Strickland*, 466 U.S at 694; *Thomas*, 109 Wn.2d at 226.

Although a reviewing court need not consider both prongs if the defendant fails to establish one of them, here it is clear that Walton fails both prongs of the *Strickland* test. As for the first prong, defense counsel's deliberate decision not to object to the use of the taped deposition testimony at trial was likely strategical.[9] At trial, Walton denied he had ever confessed to the elements of the crime to Detective McNeill and he also theorized that the victim may have confused items Walton carried in his pockets for an erect penis. This "contents in the pockets" theory was not discussed during Detective McNeill's deposition. While we have no way of knowing whether Detective McNeill ever questioned Walton about any items he may have been carrying in his pockets, we do note that McNeill's absence from the trial left the

---

[9]It is clear that Walton was not operating under the misconception that the pretrial ruling allowing Detective McNeill's testimony to be perpetuated precluded an objection at the time of trial, for his counsel specifically stated, at the deposition, that an objection might be raised. *See* CrR 4.6(a), (e); ER 804(a)(5), (b)(1).

State with no opportunity to call Detective McNeill for any rebuttal testimony on this or any other subject which arose in Walton's testimony at the trial.

As for the prejudice prong, Detective McNeill's testimony was concededly reliable. At oral argument for this appeal, Walton also agreed that the detective's testimony would have been the same if he had testified in person at the trial. Walton points to nothing in the testimony of any other witness which would have caused him to desire to ask Detective McNeill any questions in addition to those posed during cross examination at the videotaped deposition. There clearly was no prejudice.

Accordingly, we reject Walton's claim that his attorney rendered ineffective assistance by failing to object to the use of the videotaped deposition at the time of trial.

Affirmed.

A majority of the panel having concluded that the remainder of this opinion lacks precedential value, it is ordered that only the foregoing will be published. The balance of the opinion shall be filed for public record as provided in RCW 2.06.040.

COLEMAN and AGID, JJ., concur.

Review denied at 126 Wn.2d 1024 (1995).